IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.  8:11-0816-HMH-2 |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Maurice Mills, | ) | |
| | ) | |
| Movant. | ) | |

    This matter is before the court on Maurice Mills's ("Mills") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the reasons below, the court denies Mills's motion.

**I. BACKGROUND**

    On August 24, 2011, Mills pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count One), and conspiracy to use a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(o) (Count Two).  (Plea Agreement, ECF No. 68); (Guilty Plea, ECF No. 73.)  Before Mills pled guilty, the government filed a notice of its intent to seek an enhanced sentence based on Mills's 2011 South Carolina conviction for possession with intent to distribute marijuana.  (§ 851 Information, ECF No. 65.)  That enhancement increased the mandatory minimum sentence for Count One from five to ten years' imprisonment.  21 U.S.C. § 841(b)(1)(B) (2011).

    Ahead of sentencing, a United States probation officer prepared a presentence investigation report ("PSR").  The PSR recommended that Mills be sentenced as a career offender because (1) he had a prior felony conviction for a "crime of violence" – a 2008

1

conviction for assault and battery of a high and aggravated nature ("ABHAN") – and (2) both his 2011 drug conviction and his conviction on Count One qualified as "controlled substance offenses." (PSR ¶¶ 50, 51, 83, ECF No. 103.) Mills's status as a career offender increased his criminal history category from V to VI and his total offense level from 36 to 37. (Id. ¶¶ 52-53, 82-83, ECF No. 103.) After applying a three-level reduction for acceptance of responsibility, the PSR calculated an adjusted offense level of 34, which, combined with a criminal history category of VI, yielded a Guidelines range of 262 to 327 months' imprisonment. (Id. ¶¶ 84-85, 100, ECF No. 103.)

At sentencing, the court granted a two-level downward variance, recalculated the Guidelines range as 210 to 262 months' imprisonment, and ultimately sentenced Mills to 238 months in prison, followed by eight years of supervised release. (Sentencing Tr. 9, 15, ECF No. 147.) Judgment was entered on April 23, 2012. (J., ECF No. 111.) Mills did not file a direct appeal.

On June 24, 2016, Mills, through counsel, moved to vacate his sentence in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). (First Mot. Vacate, ECF No. 197.) In Johnson, the Supreme Court declared that the Armed Career Criminal Act's ("ACCA") "residual clause" was unconstitutionally vague. 576 U.S. at 597. See also Welch v. United States, 578 U.S. 120, 130 (2016) (holding that Johnson is retroactive to cases on collateral review). Because the Guidelines' residual clause was identical to the ACCA's unconstitutional residual clause, compare U.S.S.G. § 4B1.2(a)(2) (2011), with 18 U.S.C. § 924(e)(2)(B)(ii), Mills argued that his ABHAN conviction no longer qualified as a "crime of violence" and thus sought to be resentenced without the career-offender enhancement. (First Mot. Vacate 3-4, ECF No. 197.) While Mills's § 2255 motion was pending, the Supreme Court

2

decided <u>Beckles v. United States</u> and held that, unlike the ACCA, the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 580 U.S. 256, 259 (2017). Mills voluntarily withdrew his motion shortly after <u>Beckles</u> was decided. (Withdrawal First Mot. Vacate, ECF No. 205.)

On December 28, 2023, Mills, now proceeding pro se, filed the instant § 2255 motion.[1] (Second Mot. Vacate, ECF No. 364.) Mills appears to raise two arguments in support of his motion. First, he asserts that, if sentenced today, he would not be subject to the ten-year mandatory minimum in 21 U.S.C. § 841(b)(1)(B) because he served only nine months in prison for his 2011 South Carolina drug conviction.[2] (<u>Id.</u> at 3, ECF No. 364.) Second, Mills argues that he no longer qualifies as career offender following the Fourth Circuit's decision in <u>United States v. Norman</u>, 935 F.3d 232 (4th Cir. 2019), which held that a conspiracy conviction under 21 U.S.C. § 846 is not a Guidelines "controlled substance offense." (<u>Id.</u> at 6, ECF No. 364.) After being ordered to respond, the Government filed its response to Mills's motion on February 23, 2024. (Resp. Opp'n, ECF No. 384.) This matter is now ripe for review.

## II. LEGAL STANDARD

A motion to vacate allows a prisoner to contest his or her sentence

> upon the ground [(1)] that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack.

---

[1] <u>See</u> Rule 3(d), Rules Governing Section 2255 Proceedings.

[2] Section 401 of the First Step Act changed the type of prior drug convictions that trigger enhanced penalties under § 841(b)(1)(A) and (B) from "felony drug offense[s]" to "serious drug felon[ies]." Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220-21 (2018). Today, for a conviction to qualify as a "serious drug felony," the offender must have "<u>served</u> a term of imprisonment of more than 12 months[.]" <u>Id.</u> § 401(a), 132 Stat. at 5220 (emphasis added).

3

28 U.S.C. § 2255(a). "The petitioner must prove the grounds for collateral attack by a preponderance of the evidence." Drayton v. United States, 476 F. Supp. 3d 298, 302 (D.S.C. 2020).

The court may summarily deny a petition without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if, for example, the movant's allegations are "vague, conclusory or palpably incredible," Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)), or if they "cannot be accepted as true because they are contradicted by the record," Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks omitted).

### III. Discussion

**A. Mills's Motion is Successive**

A movant cannot proceed with a second or successive § 2255 motion without first obtaining authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h). Although a voluntarily withdrawn motion "generally does not count for purposes of the 'second or successive' rule," it may count if it is "apparent that [the movant] withdrew his motion to obtain a tactical advantage in the face of impending defeat." Provenzale v. United States, No. 09-07978, 2010 WL 2802741, at *1 (4th Cir. July 16, 2010) (unpublished).

In this case, Mills's 2016 motion counts as a prior § 2255 motion because he withdrew that motion "only after it was clear that the motion was destined for denial based on Beckles." Williams v. United States, 91 F.4th 1256, 1259 (8th Cir. 2024). As noted above, the sole argument Mills raised in his 2016 motion was that Johnson rendered the residual clause of the Guidelines' career-offender provision unconstitutionally vague. Because Beckles presented that

4

same issue, this court held Mills's motion in abeyance pending a decision by the Supreme Court. Once the Supreme Court issued its decision in Beckles, which effectively foreclosed Mills's argument, Mills promptly withdrew his motion.

Under these circumstances, "the reason for [Mills's] withdrawal is clearly apparent: [his] attempt to evade the result that was inevitably coming to him." In re Moore, No. 17-4001, 2018 WL 2437212, at *2 (6th Cir. May 30, 2018) (unpublished); United States v. Rejda, 790 F. App'x 900, 905 (10th Cir. Oct. 16, 2019) (unpublished) (holding that the movant's voluntarily dismissed § 2255 motion counted as a first § 2255 motion because "the timing of his motion for voluntary dismissal clearly and objectively indicate[d] that he had concluded his motion was doomed" following Beckles); Williams, 91 F.4th at 1258-59 ("Although the district court did not rule on the first § 2255 motion, Williams withdrew the motion only after it was clear that the motion was destined for denial based on Beckles. In that situation, the withdrawal of the motion is akin to a dismissal on the merits, and subsequent motions should count as successive."); United States v. Raymond, 815 F. App'x 144, 146-47 (9th Cir. June 8, 2020) (unpublished) (holding that "the dismissal of [the movant's] first § 2255 motion was functionally equivalent to an adjudication of the merits" where "the timing of the dismissal ma[d]e clear that he abandoned his vagueness claim in response to the Supreme Court's decision in Beckles").

As a result, Mills's 2016 motion counts as a first § 2255 motion, and his most recent § 2255 motion is second or successive. Because he did not obtain pre-filing authorization from the Fourth Circuit Court of Appeals, his motion must be dismissed for lack of jurisdiction. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

5

**B. Mills's Motion is Time-Barred**

Even if Mills's motion to vacate were not successive, it would still be untimely. Under 28 U.S.C. § 2255(f), a movant has one year to seek post-conviction relief. This one-year limitations period begins to run from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Of these four triggering dates, only § 2255(f)(1) is relevant here.[3] Mills's conviction became "final" on May 7, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal." United States v. Diallo, No. 14-6450, 2014 WL 3893243, at *1 (4th Cir. Aug. 11, 2014) (unpublished); United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a defendant's notice of appeal in a criminal case must be filed within fourteen days of the judgment or order being appealed). Using that date as the starting point, the one-year limitations period under § 2255(f) expired on May 7, 2013. Mills, however, did not file the instant motion until December 2023, so his motion is untimely unless equitable tolling applies.

---

[3] To the extent that Mills argues his motion is timely under § 2255(f)(3) based on Norman, that argument is unavailing. Norman "is not a Supreme Court decision recognizing a new right" and thus "cannot be invoked in connection with the limitations period onset contemplated by § 2255(f)(3)." United States v. Bowman, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. Mar. 26, 2014) (unpublished). Additionally, Mills filed his motion more than a year after Norman was decided.

Equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, Mills must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Nothing in the record suggests, however, that Mills was diligent in pursuing his claims or that any extraordinary circumstances prevented him from filing his motion for more than ten years after his conviction became final. Thus, equitable tolling does not apply to excuse his untimeliness.

Finally, Mills's suggestion that the failure to review his claims will result in a "fundamental miscarriage of justice" is equally meritless. The miscarriage-of-justice exception allows a court to consider the merits of an otherwise time-barred claim if the movant is "actually innocent" of the crime of conviction. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). To establish actual innocence, Mills "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Here, Mills presents no new evidence to support a claim of actual innocence; his arguments instead rest on claims of purported legal error. Therefore, no fundamental miscarriage of justice will result if Mills's claims are not heard on the merits. Bousley v. United States, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir.

7

2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

### IV. Conclusion

For the reasons stated above, the court **DENIES** Mills's § 2255 motion, docket numbers 364 and 369. The court declines to issue a certificate of appealability because Mills has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 29, 2024

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.